## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION (COVINGTON)

| | | |
|---|---|---|
| PEARSON EDUCATION, INC.; ELSEVIER, INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; BEDFORD, FREEMAN AND WORTH PUBLISHING GROUP, LLC; and CENGAGE LEARNING, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 2:18-cv-00040 (DLB) (CJS) |
| v. | ) ) | ANSWER AND |
| RENTU.COM, LLC, | ) ) | AFFIRMATIVE DEFENSES |
| Defendant. | ) ) ) | |

Defendant Rentu.com, LLC ("**Defendant**"), by and through their undersigned counsel, submits the following Answer and Affirmative Defenses to the Complaint dated March 20, 2018 (the "**Complaint**") filed by Plaintiffs Pearson Education, Inc., Elsevier, Inc., McGraw-Hill Global Education Holdings, LLC, Bedford, Freeman and Worth Publishing Group, LLC and Cengage Learning, Inc. (collectively, "**Plaintiffs**" or "**Publishers**").

### NATURE OF THE CASE

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the purported "range" and "popularity" among students of the Plaintiffs' publications as alleged in Paragraph 1 of the Complaint, except admits that there is widespread awareness of the Plaintiffs' efforts to fix textbook prices by repressing sales and distribution of affordable used copies or volumes sold at cheaper prices, by, among other things, using litigation as a tool to strong-arm resellers to sign on to so-called "Best Practices" that are designed to embargo

1

alternative distribution channels and maintain Plaintiff's monopoly beyond the first sale of the textbooks.

2.      Defendant denies the allegations contained in Paragraph 2, and specifically denies the characterizations of its business as "large and sophisticated" and that it looks to "unknown and unverified" sources when acquiring its inventory. Defendant affirmatively asserts that, for the past eighteen years, it has been in the business of purchasing and selling authentic used books and provides an integral service to U.S. consumers, many of whom are students, who do not have the resources to purchase new textbooks and prefer to rent or buy used books on Amazon.com, from libraries throughout the country, college bookstores, and other resellers of used books. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      In responding to Paragraph 3 of the Complaint, Defendant: denies that its sources are "not reputable and deal in counterfeit goods" and affirmatively alleges that Defendant has implemented costly measures and procedures to rigorously examine its inventory and screen suppliers; lacks knowledge or information sufficient to form a belief as to the conduct of unidentified "third-party sellers" and the manner in which they operate and; denies all other allegations contained therein.

4.      In responding to Paragraph 4 of the Complaint, Defendant: admits that it buys, sells, rents, and/or distributes authentic, textbooks through www.bookbyte.com, as well as through third-party marketplaces; lacks knowledge or information sufficient to form a belief as to the validity of Plaintiff's copyright or trademark registrations and refers such matters to the Court; and denies all other allegations contained therein.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint, including that its inventory is "infected with counterfeits" and affirmatively alleges that: over the past year, Defendant has been cooperating with Plaintiffs in addressing

their alleged goal of eradicating non-authentic books from the text book market, including any that may have incidentally come to be unknowingly acquired by it by, among other things, responding fully and truthfully to Plaintiffs' persistent requests for information and documents, inspections and inquiries into the Defendant's business operations, availing the Plaintiffs of an open and transparent tour of its inventory facilities and offering to make adjustments to its quality control procedures.

6.      Defendant admits that Plaintiffs expressed a desire to work with Defendant, as is alleged in Paragraph 6 of the Complaint and that Defendant has been cooperating with Plaintiffs in addressing their alleged goal of eradicating non-authentic books from the textbook market, as well as engaged in "lengthy and detailed discussions" on the subject, and admits that the discussions proved to be "ultimately fruitless" , but affirmatively alleges that this was because the Plaintiffs refused to confirm whether and which of the allegedly counterfeit books in their possession were sourced from the Defendant, refused to allow Defendant to inspect the supposed counterfeits, and merely demanded that the Defendant sign on to the "Best Practices" wholesale and without negotiation. Defendant lacks knowledge or information sufficient to form a belief as to whether it was the Plaintiffs or their attorneys who created the website http://stopcountefeitbooks.com, as is alleged in Paragraph 6 of the Complaint, but denies that it is "educational" in nature; upon information and belief, the website purports to provide legal advice concerning copyright and trademark laws by deceptively steering visitors, including resellers, to Plaintiffs' own counsel (without disclosing their affiliation), not to be "educated" but to be identified for lawsuits, then pressured to waive rights without the advice of disinterested legal counsel. Defendant denies all other allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies that it is "involve[ed] with counterfeits" and specifically denies the Plaintiffs' characterization of their yearlong settlement discussions with the Defendant and further alleges that Defendant proposed to implement even more rigorous screening procedures designed to remove the risk of inauthentic books entering the secondary market (and thus help police Plaintiffs'

intellectual property) at a significant cost to Defendant, but the Plaintiffs rejected the proposal.

8.      The allegations contained in Paragraph 8 of the Complaint constitute matters of law which are respectfully referred to the Court for its deliberations and application on a complete record; to the extent a response is required, Defendant denies that Plaintiffs' allegations are cognizable under the Copyright Act, 17 U.S.C. § 101, *et seq.,* the Lanham Act, 18 U.S.C. § 1331, *et seq.,* and 15 U.S.C. § 1121, and denies all other allegations contained in Paragraph 8.

9.      The allegations contained in Paragraph 9 of the Complaint constitute matters of law which are respectfully referred to the Court for its deliberations and application on a complete record; to the extent a response is required, Defendant admits that it has a storage facility in the State of Kentucky and denies all other allegations contained in Paragraph 9.

10.      The allegations contained in Paragraph 10 of the Complaint constitute a legal conclusion which is respectfully referred to the Court for its deliberations and application on a complete and fully developed record.

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Complaint.

12.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits that it is an Oregon limited liability company with a mailing address of 5121 Skyline Village Loop S, Suite 220, Salem, Oregon 97306, and that it does business as Bookbyte.com, RentBooks and Bookbytedirect.com; all other allegations contained in Paragraph 16 of the Complaint are denied.

## FACTUAL ALLEGATIONS

A. Heading A purports to be a title to which no response is required, to the extent a response is required, Defendant denies the allegations contained in Paragraph A.

17.     Defendant admits that the textbooks are generally "widely available in the marketplace for sale or rental, including from physical and online bookstores" and that they are generally "sold throughout the world, through direct channels and via a worldwide network of distributors", except denies the implication that those are the only methods or channels through which textbooks are generally available "for sale or rental", and asserts that said textbooks are additionally available for sale, rental, and/or distribution through libraries, individual resellers, and generally in secondary markets, including through eBay.com and Amazon.com. Defendant lacks knowledge and information sufficient to form a belief as to the truth of all other the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     The allegations contained in Paragraph 20 of the Complaint constitute matters of law which are respectfully referred to the Court for its deliberations and application on a complete record; to the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and further notes that the Plaintiffs have

failed to affix to their pleadings the copyright registration certificates for the items alleged in Exhibit A to the Complaint.

21.     The allegations contained in Paragraph 21 of the Complaint constitute matters of law which are respectfully referred to the Court for its deliberations and application on a complete record; to the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except notes that the Plaintiffs have failed to affix to their pleadings the trademark registration certificates for the items alleged in Exhibit B to the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint and specifically denies that it infringed any of the Plaintiffs' copyrights or trademarks; and further objects to the legal deficiency of the allegations contained in Paragraph 22, including their omission of notice as to *what* works the Defendant is accused of infringing, the basis for alleging that any of the books referenced therein were sourced from the Defendant, how or why they are allegedly inauthentic, and the lack of allegations of causal connection between Defendant and any specific injury allegedly sustained by Plaintiffs; additionally, Defendant objects to the prospects of an "expanding the scope" of this case based on Plaintiffs' intention to use discovery to learn whether or not Defendant has engaged in any wrongdoing.

B. Heading "B" of the Complaint comprises conclusory rhetoric. Defendant denies that it engaged in any "unlawful activities".

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint, including that it sold counterfeit textbooks and the implication that it needs a "license" from the Plaintiff to sell previously purchased textbooks; and, lacks knowledge and information sufficient to form a belief as to the truth of whether

"Plaintiffs did not print, or authorize the printing of, the Counterfeit textbooks" or whether "Plaintiffs did not ever sell, or authorize others to sell, the Counterfeit textbooks."

25.    Defendant admits that it "sell[s] the legitimate and authorized versions [of textbooks] published by the Plaintiffs" as alleged in Paragraph 25 of the Complaint but denies all other allegations contained therein, including that it "knowingly and willfully" sold, distributed or offered for sale any counterfeit materials and that it needs the Plaintiffs' authorization to sell used textbooks. Defendant further affirmatively alleges that it employs stringent measures and procedures at a significant cost to its business in order to maintain a rigorous vetting of its inventory and suppliers, and to ensure that only authentic textbooks are distributed to its consumers.

26.    Defendant admits that it (correctly) "claims to the public that its inventory is legitimate" and denies all other the allegations contained in Paragraph 26 of the Complaint, including that it infringed any of the Plaintiffs' copyrights or trademarks and that Exhibit A sets forth or  describes any supposed infringements by it; Defendant further objects to the legal deficiency of the allegations contained therein, including their omission of notice as to *what* works the Defendant is accused of infringing, the basis for alleging that any of the books referenced therein were sourced from the Defendant, how or why they are allegedly inauthentic, and the lack of allegations of causal connection between Defendant and any specific injury allegedly sustained by Plaintiffs; additionally, Defendant objects to the prospects of using "discovery in this action" to attempt to rectify Plaintiffs' pleading deficiencies.

27.    Defendant     admits     that     it     operates     bookbyte.com     and bookbytedirect.com, and that it sells and offers for rent used textbooks  through Amazon.com, as alleged in Paragraph 27 of the Complaint; Defendant denies all other allegations contained in Paragraph 27, and specifically denies that it sells counterfeit textbooks; Defendant further states that the allegations contained in this

Paragraph do not provide adequate notice of *what* works the Defendant is accused of infringing inasmuch as Plaintiffs themselves admit that "Exhibit A is representative, not comprehensive" of the titles supposedly at issue in this case, and objects to using discovery in this case to supposedly learn whether or not Defendant has engaged in any wrongdoing and attempt to rectify Plaintiffs' pleading deficiencies.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint, and specifically denies that it obtained books "without any due diligence as to the identity of the supplier, the integrity of the supplier, how the supplier supposedly obtained the books, or the authenticity of the books" and that it failed to conduct an adequate review for authenticity; Defendant further affirmatively alleges that, on the contrary, the Plaintiffs are aware that it employs rigorous measures and procedures at a significant cost to its business in order to increase the level of scrutiny afforded to its inventory and suppliers, yet, the Plaintiffs have not helped to identify potential counterfeiting and refused to cooperate with the Defendant in further safeguarding and policing their own intellectual property.

29.     In responding to Paragraph 29 of the Complaint, the Defendant: admits that "the principal purpose of a buyback system is to allow students to sell back their textbooks after they are finished using them"; lacks knowledge and information sufficient to form a belief as to what "buyback systems" "typically limit"; lacks knowledge or information sufficient to form a belief as to what counterfeiters of the Plaintiffs' textbooks do or do not do; denies that the Defendant "evades" anything by the use of "fictitious names" or that it knowingly or negligently conducts business with persons or entities that use "fictitious names" to such end; denies knowledge of how counterfeit sellers operate; denies all other allegations contained in Paragraph 29, and specifically that it "does not take basic steps necessary to root out counterfeits", which allegation the Plaintiffs know to be false, having been made aware that the

8

Defendant has implemented costly measures and procedures to rigorously examine its inventory and screen suppliers.

30.     In responding to Paragraph 30 of the Complaint, Defendant: denies that it infringed Plaintiffs' copyrights and trademarks and that it caused Plaintiff to suffer serious financial and reputational injury and; lacks knowledge and information sufficient to form a belief as to all other allegations contained therein.

31.     In responding to Paragraph 31 of the Complaint, Defendant: denies that it sold counterfeit textbooks and that it infringed Plaintiffs' copyrights and trademarks; lacks knowledge and information sufficient to form a belief as to all other allegations contained therein, except alleges, with respect to the allegation that the "binding, glue, paper, color" may differ among authentic and inauthentic textbooks, that such variations may exist among authentic textbooks depending on the frequency of their use and condition, as well as among newly printed textbooks depending on the region where they are printed and their editions. Defendant affirmatively alleges that, despite its repeated pre-litigation requests, the Plaintiffs have refused to present it with any details, let alone evidence informing its allegations of counterfeit sales by it.

32.     In response to the allegations contained in Paragraph 32 of the Complaint, the Defendant repeats and re-alleges its responses to Paragraphs 1-32 as if fully set forth herein.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and further notes that the Plaintiffs have failed to affix to their pleadings the copyright registration certificates for the items alleged in Exhibit A to the Complaint.

34.     In response to the allegations contained in Paragraph 34 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except denies that the copyrights in Plaintiffs' authentic works were not "otherwise transferred to Defendant", inasmuch as

the Plaintiffs exhausted their exclusive right to distribute authentic copies of their textbooks after they made the first sale; and, Defendant's sales of authentic used books are authorized under the law.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint, including the averment that it infringed Plaintiff's copyrights and further notes that the allegations contained in this Paragraph do not provide adequate notice of what works Defendant is accused of infringing, when and how they were allegedly infringed.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     In response to the allegations contained in Paragraph 39 of the Complaint, the Defendant repeats and re-alleges its responses to Paragraphs 1-39 as if fully set forth herein.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Complaint, including as to the legitimacy of Plaintiffs' copyrights inasmuch as the Plaintiffs have failed to affix to their pleadings copyright registration certificates for the items alleged in Exhibit A to the Complaint.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint including as to the legitimacy of Plaintiff's copyrights inasmuch as the Plaintiffs have failed to affix to their pleadings copyright registration certificates for the items alleged in Exhibit A to the Complaint; Defendant further denies the allegation that the copyrights in

Plaintiffs' authentic works were not "otherwise transferred to Defendant", inasmuch as the Plaintiffs exhausted their exclusive right to distribute authentic copies of their textbooks after they made the first sale; and, Defendant's sales of authentic used books are authorized under the law.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint, notes that the allegations contained in this Paragraph (and generally in the Complaint) do not provide adequate notice of what works Defendant is accused of infringing, when and how they were allegedly infringed, and do not identify the supposed infringers for whose conduct the Defendant is allegedly liable, and denies that it may be held vicariously liable for unidentified conduct of unidentified third parties with respect to unidentified works.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint, including that Defendant engaged in any unlawful and deliberate conduct that caused Plaintiffs irreparable damages.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint, including that Defendant engaged in any unlawful and deliberate conduct that caused Plaintiffs irreparable damages.

46.     In response to the allegations contained in Paragraph 46 of the Complaint, the Defendant repeats and re-alleges its responses to Paragraphs 1-46 as if fully set forth herein.

47.     The allegations contained in Paragraph 47 of the Complaint state legal conclusions as to which no response is required; to the extent a response is required, Defendant denies the allegations contained in Paragraph 47 and specifically denies that the allegations in the Complaint form a claim for trademark infringement under the Lanham Act.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint, including that it marketed, offered for sale and sold counterfeit textbooks, and further notes that the allegations contained in this Paragraph do not provide adequate notice of what works Defendant is accused of infringing.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint, including that it "willfully and knowingly infringed Plaintiffs' rights."

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint, including that Defendant engaged in any unlawful and deliberate conduct that caused Plaintiffs irreparable damages.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     In response to the allegations contained in Paragraph 53 of the Complaint, the Defendant repeats and re-alleges its responses to Paragraph 1-53 as if fully set forth herein.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint, including that it has been using Plaintiffs' alleged trademarks in "unauthorized products," and further notes that the allegations contained in this Paragraph do not provide adequate notice of what works Defendant is accused of infringing.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint, including that Defendant engaged in any unlawful and deliberate conduct that caused Plaintiffs irreparable damages.

**PRAYER FOR RELIEF**

1.      Defendant denies the allegations contained in Paragraph 1 under "Prayer for Relief" section of the Complaint, including that Defendant's conduct was "intentional and willful", and that Plaintiffs are entitled to judgment on any of the claims set forth in the Complaint.

2.      Defendant denies the allegations contained in Paragraph 2 under "Prayer for Relief" section of the Complaint, including that Plaintiffs are entitled to any damages from Defendant.

3.      Defendant denies the allegations contained in Paragraph 3 under "Prayer for Relief" section of the Complaint, including that Plaintiffs are entitled to an accounting, disgorgement or damages from Defendant.

4.      Defendant denies the allegations contained in Paragraph 4 under "Prayer for Relief" section of the Complaint, including that Plaintiffs are entitled to actual or statutory damages from Defendant.

5.      Defendant denies the allegations contained in Paragraph 5 under "Prayer for Relief" section of the Complaint, including that Plaintiffs are entitled to injunctive relief with respect to the Defendant.

6.      Defendant denies the allegations contained in Paragraph 6 under "Prayer for Relief" section of the Complaint, including that Plaintiffs are entitled to injunctive relief with respect to the Defendant.

7.      Defendant denies the allegations contained in Paragraph 7 under "Prayer for Relief" section of the Complaint, including that Plaintiffs are entitled to damages from Defendant.

8.      Defendant denies the allegations contained in Paragraph 8 under "Prayer for Relief" section of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 under

"Prayer for Relief" section of the Complaint, including that Plaintiffs are entitled to an award of interest from the Defendant.

10.     Defendant denies the allegations contained in Paragraph 10 under "Prayer for Relief" section of the Complaint, including that Plaintiffs are entitled to an award of attorney's fees, expenses, and costs of suit from the Defendant.

11.     Defendant denies the allegations contained in Paragraph 11 under "Prayer for Relief" section of the Complaint, including that Plaintiffs are entitled to any relief from the Court.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the items listed in Exhibit A, including the validity of the copyright registrations attendant thereto and whether any of the items listed in Exhibit A were sourced from Defendant, except denies that Defendant infringed any copyrights in those items.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the items listed in Exhibit B, including the validity of the trademark registrations attendant thereto and whether any of the items listed in Exhibit B were sourced from Defendant, except denies that Defendant infringed any trademarks.

14.     Defendant denies all other allegations contained in the Complaint and not expressly addressed herein, including those alleged in the headings, sub-headings, Exhibit A, Exhibit B, and the "Prayer for Relief" clause.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

One or more of Plaintiffs' claims fails to state a claim upon which relief can be granted, including, but not limited to, by reason of Plaintiffs' failure to plead the specific infringing conduct of which Defendant is being accused, allege specific works

14

allegedly being infringed, and identify the third parties who supposedly made unauthorized copies of Plaintiffs' works.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the first sale doctrine and/or exhaustion rule.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are limited because the alleged infringement, if any, was innocent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, including, but not limited to, Plaintiffs' refusal to cooperate with Defendant in further safeguarding and policing their own intellectual property rights.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, acquiescence and/or estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by failure to adequately police their intellectual property rights.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have not properly or timely registered the copyrights and/or trademarks asserted in this suit.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs' copyrights or trademarks are invalid and/or unenforceable.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part for failure to include all necessary and indispensable parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate nor is it irreparable.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part for failure to allege the requisite knowledge or intent on part of the Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' trademark-based claims are barred in whole or in part for failure to allege that Defendant used Plaintiffs' registered trademarks on a colorable imitation of the goods or services as those subject to valid registrations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to assert some or all claims to the extent that Plaintiffs are not owners or exclusive licensees of the asserted trademarks and/or copyrights.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by an express or implied license or permission granted by Plaintiffs to Defendant, including, but not limited to, by reason of Plaintiffs' knowledge of and acquiescence to Defendant's sales activities and inventory control measures since March 2017.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by reason of copyright misuse to restrain trade and maintain a monopoly beyond the first sale of their works, which is not granted by the U.S. Copyright laws and is contrary to public policy.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under the Lanham Act are barred in whole or in part because they are preempted by the Copyright Act.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' copyright-based claims are barred in whole or in part because there is no right to attribution under the Copyright Act, as relates to the Plaintiffs' alleged works.

<strong>RESERVATION OF RIGHTS</strong>

Defendant reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and other proceedings in this litigation. Further, in setting forth the foregoing affirmative and other defenses, the Defendants do not concede that they bear the burden of proof or persuasion on any of these defenses.

WHEREFORE, the Defendant prays for judgment as follows:

a. That the Plaintiffs take nothing against Defendant by way of their Complaint;

b. That the Complaint, and each and every purported claim for relief therein be dismissed with prejudice;

c. Awarding Defendant damages under 17 U.S.C. § 512 incurred in connection with Plaintiffs' material misrepresentations that Defendant's activity is infringing;

d. Awarding Defendant attorney's fees, costs and expenses incurred in defending against this suit; and

e. Awarding Defendant such other and further relief as the Court deems just and proper.

18

Dated: May 11, 2018

Respectfully submitted,

/s/Brooke J. Egan
Brooke J. Egan
Kevin T. Duncan
**DUNCAN GALLOWAY EGAN**
**GREENWALD PLLC**
9750 Ormsby Station Road, Ste 210
Louisville, Kentucky 40223
Tel.: 502-614-6970
Fax: 502-614-6980

Of Counsel:

Sam P. Israel, *pro hac vice*
Eleonora Zlotnikova, *pro hac vice*
**SAM P. ISRAEL, P.C.**
180 Maiden Lane, 6th Floor
New York, NY 10038
T: (646) 787-9880 | F: (646) 787-9886
E: samisrael@spi-pc.com
E: elzlotnikova@spi-pc.com

Attorneys for Defendant
**RENTU.COM, LLC**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic and/or first class mail, postage prepaid this 14th day of May, 2018 upon the parties to be notified as provided by ECF upon the filing hereof.

/s/ Brooke J. Egan
Brooke J. Egan