## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION (COVINGTON)

| | | |
|---|---|---|
| PEARSON EDUCATION, INC.; ELSEVIER, INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; BEDFORD, FREEMAN AND WORTH PUBLISHING GROUP, LLC; and CENGAGE LEARNING, INC., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 2:18-cv-00040 (DLB) (CJS) |
| v. | ) ) | ANSWER TO AMENDED COMPLAINT AND |
| RENTU.COM, LLC, | ) ) | AFFIRMATIVE DEFENSES |
| Defendant. | ) ) | |

Defendant Rentu.com, LLC ("**Defendant**"), by and through its undersigned counsel, submits this Answer to Amended Complaint and Affirmative Defenses in response to the Amended Complaint filed by Plaintiffs Pearson Education, Inc., Elsevier, Inc., McGraw-Hill Global Education Holdings, LLC, Bedford, Freeman and Worth Publishing Group, LLC and Cengage Learning, Inc. (collectively, "**Plaintiffs**" or "**Publishers**"), and states as follows:

### NATURE OF THE CASE

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the purported "range" and "popularity" of the Plaintiffs' publications among students, as alleged in Paragraph 1 of the Amended Complaint, except admits that there is widespread awareness of the  Plaintiffs' efforts to maintain a monopoly on textbook prices after the first sale by, among other things, using litigation as a tool to repress sales and distribution of used copies sold at discounted prices, and coerce resellers to sign on to so-called "Best Practices" that are designed to embargo alternative

distribution channels in order to maintain Plaintiff's control over the textbook market at a great cost to consumers.

2.      Defendant denies the allegations contained in Paragraph 2 of the Amended Complaint, and specifically denies the characterizations of its business as "large and sophisticated" and that it looks to "unknown and unverified" sources when acquiring its inventory. Defendant affirmatively asserts that, for the past eighteen years, it has been in the business of purchasing and selling authentic, previously owned books and provides an integral service to U.S. consumers, many of whom are students, who lack the resources to purchase the same textbooks at prices set by the Publishers and instead prefer to rent or buy used textbooks on secondary markets, including Amazon.com; from libraries and college bookstores throughout the country; as well as other resellers of previously owned books. Defendant denies the remaining allegations contained in Paragraph 2 of the Amended Complaint.

3.      In responding to Paragraph 3 of the Amended Complaint, Defendant: denies that its sources are "not reputable and deal in counterfeit goods" and affirmatively alleges that Defendant has implemented costly measures and procedures to rigorously examine its inventory and screen suppliers; lacks knowledge or information sufficient to form a belief as to the conduct of unidentified "third-party sellers" and the manner in which they operate; and denies all other allegations contained therein.

4.      In responding to Paragraph 4 of the Amended Complaint: Defendant admits that it sells, rents, and/or distributes authentic textbooks through www.bookbyte.com, as well as through third-party marketplaces; lacks knowledge or information sufficient to form a belief as to the validity of Plaintiff's copyright  or trademark registrations and refers such matters to the Court; and denies all other allegations contained therein.

5.      Defendant denies the allegations contained in Paragraph 5 of the Amended Complaint, including that its inventory is "infected with counterfeits" and affirmatively alleges that: over the past year, Defendant has been cooperating with

Plaintiffs in addressing their alleged goal of eradicating non-authentic books from the text book market, including any that may have incidentally come to be unknowingly acquired by Defendant by, among other things: responding fully and truthfully to Plaintiffs' copious requests for information and documents, demands for warehouse inspections and inquiries into the Defendant's business operations, availing the Plaintiffs of an open and transparent tour of its inventory facilities and offering to make adjustments to its quality control procedures; and proposing to work in tandem with the Publishers in combating the threat of counterfeits entering the U.S. market, which the Publishers rejected.

6.       Defendant admits that Plaintiffs expressed a desire to work with Defendant, as is alleged in Paragraph 6 of the Amended Complaint and that Defendant has been cooperating with Plaintiffs in addressing their alleged goal of eradicating non-authentic books from the textbook market, as well as engaged in "lengthy and detailed discussions" on the subject, as alleged in the original Complaint; admits that the discussions proved to be "ultimately fruitless" but affirmatively alleges that this was because the Plaintiffs refused to confirm whether and which of the allegedly counterfeit books in their possession were sourced from the Defendant, refused to allow Defendant to inspect the supposed counterfeits, and merely demanded that the Defendant stop doing business with or through Amazon.com and sign on to Plaintiffs' terms deceptively titled "Best Practices" wholesale and without negotiation. Defendant lacks knowledge or information sufficient to form a belief as to whether it was the Plaintiffs or their attorneys who created the website http://stopcounteifeitbooks.com, as is alleged in Paragraph 6 of the Amended Complaint, but denies that it is "educational" in nature; upon information and belief, the website purports to provide legal advice concerning copyright and trademark laws by deceptively steering visitors, including resellers, to Plaintiffs' own counsel (without disclosing their affiliation), not to be "educated" but to be identified for lawsuits, then pressured to waive rights without the advice of disinterested legal counsel. Defendant denies all other allegations contained in Paragraph 6 of the Amended Complaint.

3

7.     In response to the allegations contained in Paragraph 7 of the Amended Complaint, Defendant denies that it is "involve[ed] with counterfeits," denies the Plaintiffs' characterization of their yearlong settlement discussions with the Defendant, denies that the Plaintiffs brought this lawsuit to eradicate counterfeits, as is evidenced by their rejection of the Defendant's proposal to implement even more rigorous screening procedures (and thus help police Plaintiffs' intellectual property) at a significant cost to Defendant; and further alleges that the true aim of this lawsuit is to repress sales and distribution of preowned copies of textbooks sold at discounted prices and to secure Plaintiffs' monopoly on pricing and distribution even after the books' first sale. To the extent not otherwise addressed, the Defendant denies all other allegations contained in Paragraph 7 of the Amended Complaint.

8.     The allegations contained in Paragraph 8 of the Amended Complaint constitute matters of law which are respectfully referred to the Court for its deliberations and application on a complete record; to the extent a response is required, Defendant denies that Plaintiffs' allegations are cognizable under the Copyright Act, 17 U.S.C. § 101, *et seq.,* the Lanham Act, 18 U.S.C. § 1331, *et seq.,* and 15 U.S.C. § 1121, and denies all other allegations contained in Paragraph 8.

9.     The allegations contained in Paragraph 9 of the Amended Complaint constitute matters of law which are respectfully referred to the Court for its deliberations and application on a complete record; to the extent a response is required, Defendant admits that it has a storage facility in the State of Kentucky and denies all other allegations contained in Paragraph 9.

10.     The allegations contained in Paragraph 10 of the Amended Complaint constitute a legal conclusion which is respectfully referred to the Court for its deliberations and application on a complete and fully developed record.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Defendant admits that it is an Oregon limited liability company with a mailing address of 5121 Skyline Village Loop S, Suite 220, Salem, Oregon 97306, and that it does business as Bookbyte.com, RentBooks and Bookbytedirect.com; all other allegations contained in Paragraph 16 of the Amended Complaint are denied.

## FACTUAL ALLEGATIONS

A. Heading A purports to be a title to which no response is required, to the extent a response is required, Defendant denies the allegations contained in Paragraph A.

17.     In response to Paragraph 17 of the Amended Complaint, Defendant admits that generally, the subject textbooks are "widely available in the marketplace for sale or rental, including from physical and online bookstores", except denies the implication that those are the only channels through which textbooks are generally available "for sale or rental", and asserts upon information and belief that the subject textbooks are additionally available for sale, rental, and distribution through libraries, college bookstores, individual resellers, and generally in secondary markets, including through eBay.com and Amazon.com. Defendant lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 17 of the Amended Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

5

Case: 2:18-cv-00040-DLB-CJS   Doc #: 38   Filed: 06/20/18   Page: 6 of 20 - Page ID#: 176

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.     The allegations contained in Paragraph 20 of the Amended Complaint constitute matters of law which are respectfully referred to the Court for its deliberations and application on a complete record; to the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, except denies that Exhibit A describes "authentic works" rather than simply listing titles of textbooks manufactured and distributed by Plaintiffs in the U.S. and abroad; Defendant further notes that the Plaintiffs have failed to affix to their pleadings any copyright registration certificates for the items alleged in Exhibit A to the Amended Complaint.

21.     The allegations contained in Paragraph 21 of the Amended Complaint constitute matters of law which are respectfully referred to the Court for its deliberations and application on a complete record; to the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except notes that the Plaintiffs have failed to affix to their pleadings any trademark registration certificates for the items alleged in Exhibit B to the Amended Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint and specifically denies that it infringed any of the Plaintiffs' copyrights or trademarks; Defendant further objects to the pleading deficiency of the allegations contained in Paragraph 22, including their omission of notice as to *what* works the Defendant is accused of infringing (inasmuch as the lists contained in Exhibits A and B are allegedly "not comprehensive"), the basis for alleging that any of the books referenced therein were sourced from the Defendant, how or why they are allegedly inauthentic, and the lack of allegations of causal connection between Defendant and any specific injury allegedly sustained by Plaintiffs; additionally, Defendant objects to the

prospects of an "expanding the scope" of this case based on Plaintiffs' intention to use discovery to learn whether or not Defendant has engaged in any wrongdoing.

B. Heading "B" of the Amended Complaint comprises conclusory rhetoric that does not elicit a response, to the extent a response is required, the Defendant denies that it engaged in any "unlawful activities".

23.     Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint, including that it sold counterfeit textbooks and the implication that it needs a "license" from the Plaintiff to sell authentic, preowned textbooks; and, lacks knowledge or information sufficient to form a belief as to the truth of whether "Plaintiffs did not print, or authorize the printing of, the Counterfeit textbooks" or whether "Plaintiffs did not ever sell, or authorize others to sell, the Counterfeit textbooks."

25.     Defendant admits that it "purports to sell the legitimate and authorized versions [of textbooks] published by the Plaintiffs" as alleged in Paragraph 25 of the Amended Complaint, affirms that it does so, but denies all other allegations contained therein, including that it "knowingly and willfully" sold, distributed or offered for sale any counterfeit materials. Defendant further affirmatively alleges that it employs stringent internal control measures and procedures at a significant cost to its business in order to maintain a rigorous vetting of its inventory and suppliers, and to ensure that only authentic, preowned textbooks are distributed to its consumers.

26.     Defendant admits that it correctly "claims to the public that its inventory is legitimate" but denies all other the allegations contained in Paragraph 26 of the Amended Complaint, including that it infringed any of the Plaintiffs' copyrights or trademarks and that Exhibit A describes any supposed infringements; Defendant further objects to the legal deficiency of the allegations and lack of notice as to *what* works the Defendant is accused of infringing inasmuch as Plaintiffs admit that "Exhibit A is representative, not

comprehensive" of the titles supposedly at issue in this case, the basis for alleging that any of the books referenced therein were sourced from the Defendant, how or why they are allegedly inauthentic, and the lack of allegations of causal connection between Defendant and any specific injury allegedly sustained by Plaintiffs; additionally, Defendant objects to the prospects of using "discovery in this action" to supposedly learn whether or not Defendant has engaged in any wrongdoing.

27.     Defendant admits that it operates bookbyte.com and bookbytedirect.com, and that it sells and offers for rent authentic, used textbooks through Amazon.com, as alleged in Paragraph 27 of the Amended Complaint; Defendant denies all other allegations contained in Paragraph 27, and specifically denies that it sells counterfeit textbooks; Defendant further objects to using discovery in this case to supposedly learn whether or not Defendant has engaged in any wrongdoing.

28.     Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint, and specifically denies that it obtained books "without any due diligence as to the identity of the supplier, the integrity of the supplier, how the supplier supposedly obtained the books, or the authenticity of the books" and that it failed to conduct an adequate review for authenticity; Defendant further affirmatively alleges that, on the contrary, the Plaintiffs are aware that it employs rigorous internal control measures and procedures at a significant cost to its business in order to increase the level of scrutiny afforded to its inventory and suppliers, yet, the Plaintiffs have not helped to identify potential counterfeiting and refused to cooperate with the Defendant in further safeguarding and policing their own intellectual property.

29.     In responding to Paragraph 29 of the Amended Complaint, the Defendant: admits that "the principal purpose of a buyback system is to allow students to sell back their textbooks after they are finished using them"; lacks knowledge or information sufficient to form a belief as to what "buyback systems" "typically limit"; lacks knowledge or information sufficient to form a belief as to what counterfeiters of the Plaintiffs' textbooks do or do not do; denies that the Defendant "evades" anything by the

use of "fictitious names" or that it knowingly or negligently conducts business with persons or entities that use "fictitious names" to such end; denies knowledge of how counterfeit sellers operate; denies that it "does not take basic steps necessary to root out counterfeits", which allegation the Plaintiffs know to be false, having been made aware that the Defendant has implemented costly measures and procedures to rigorously examine its inventory and screen suppliers; and denies all other allegations contained in Paragraph 29 of the Amended Complaint.

30.     In responding to Paragraph 30 of the Amended Complaint, Defendant denies that it infringed Plaintiffs' copyrights and trademarks, and that it caused Plaintiff to suffer serious financial and reputational injury; and lacks knowledge or information sufficient to form a belief as to all other allegations contained therein.

31.     In responding to Paragraph 31 of the Amended Complaint, Defendant denies that it sold counterfeit textbooks and that it infringed Plaintiffs' copyrights and trademarks; lacks knowledge or information sufficient to form a belief as to all other allegations contained therein, except alleges upon information and belief, with respect to the allegation that the "binding, glue, paper, color" may differ among authentic and inauthentic textbooks, that such variations exist between copies of legitimate new and preowned textbooks, as well as among newly printed textbooks depending on the region where they are printed and their edition. Defendant affirmatively alleges that despite its repeated pre-litigation requests, the Plaintiffs have refused to disclose any specific facts or evidence informing the Plaintiffs' allegations of counterfeit sales by Defendant.

32.     In response to the allegations contained in Paragraph 32 of the Amended Complaint, the Defendant repeats and re-alleges its responses to Paragraphs 1-32 as if fully set forth herein.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint, and further notes that the Plaintiffs have failed to affix to their pleadings the copyright

registration certificates for the works allegedly at issue in this lawsuit or items alleged in Exhibit A to the Complaint.

34.   In response to the allegations contained in Paragraph 34 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except denies that the copyrights in Plaintiffs' authentic works were not "otherwise transferred to Defendant", inasmuch as the Plaintiffs exhausted their exclusive right to distribute authentic copies of their textbooks after they made the first sale; and, Defendant's sales of authentic used books are authorized under the law.

35.   Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint, including the averment that it infringed Plaintiff's "exclusive rights to distribute their copyrighted work," inasmuch as the Plaintiffs exhausted their exclusive right to distribute authentic copies of their textbooks after they made the first sale; and, Defendant's sales of authentic used books are authorized under the law; Defendant further notes that the allegations contained in Paragraph 35 of the Amended Complaint do not provide adequate notice of what works Defendant is accused of infringing, when and how they were allegedly infringed.

36.   Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.   Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint.

38.   Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

39.   In response to the allegations contained in Paragraph 39 of the Amended Complaint, the Defendant repeats and re-alleges its responses to Paragraphs 1-39 as if fully set forth herein.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Amended Complaint, including the legitimacy of Plaintiffs' copyrights, inasmuch as the Plaintiffs have failed to affix to their pleadings copyright registration certificates for the works allegedly at issue in this lawsuit and/or items alleged in Exhibit A to the Amended Complaint.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint including as to the legitimacy of Plaintiff's copyrights inasmuch as the Plaintiffs have failed to affix to their pleadings copyright registration certificates for the works allegedly at issue in this lawsuit and/or items alleged in Exhibit A to the Amended Complaint; Defendant further denies the allegation that the copyrights in Plaintiffs' authentic works were not "otherwise transferred to Defendant", inasmuch as the Plaintiffs exhausted their exclusive right to distribute authentic copies of their textbooks after they made the first sale; and, Defendant's sales of authentic used books are authorized under the law.

42.     Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint, asserts that the allegations contained in this Paragraph (and generally in the Amended Complaint) do not provide adequate notice of what works Defendant is accused of infringing, when and how they were allegedly infringed, and do not identify the supposed infringers for whose conduct the Defendant is allegedly liable, and denies that it may be held vicariously liable for unidentified conduct of unidentified third parties with respect to unidentified works.

43.     Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint, including that Defendant engaged in any unlawful and deliberate conduct that caused Plaintiffs irreparable damages.

45.     Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint, including that Defendant engaged in any unlawful and deliberate conduct that caused Plaintiffs irreparable damages.

46.     In response to the allegations contained in Paragraph 46 of the Amended Complaint, the Defendant repeats and re-alleges its responses to Paragraphs 1-46 as if fully set forth herein.

47.     The allegations contained in Paragraph 47 of the Amended Complaint state legal conclusions as to which no response is required; to the extent a response is required, Defendant denies the allegations contained in Paragraph 47 and specifically denies that the allegations in the Amended Complaint form a claim for trademark infringement under the Lanham Act.

48.     Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint, including that it marketed, offered for sale and sold counterfeit textbooks, and further notes that the allegations contained in this Paragraph do not provide adequate notice of what works Defendant is accused of infringing.

49.     Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint, including that it "willfully and knowingly infringed Plaintiffs' rights."

51.     Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint, including that Defendant engaged in any unlawful and deliberate conduct that caused Plaintiffs irreparable damages.

52.     Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint.

53.    In response to the allegations contained in Paragraph 53 of the Amended Complaint, the Defendant repeats and re-alleges its responses to Paragraph 1-53 as if fully set forth herein.

54.    Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint.

55.    Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint, including that it has been using Plaintiffs' alleged trademarks in "unauthorized products," and further asserts that the allegations contained in this Paragraph do not provide adequate notice of what works Defendant is accused of infringing.

56.    Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint, including that Defendant engaged in any unlawful and deliberate conduct that caused Plaintiffs irreparable damages.

**PRAYER FOR RELIEF**

1.    Defendant denies the allegations contained in Paragraph 1 under "Prayer for Relief" section of the Amended Complaint, including that Defendant's conduct was "intentional and willful", and that Plaintiffs are entitled to judgment on any of the claims set forth in the Amended Complaint.

2.    Defendant denies the allegations contained in Paragraph 2 under "Prayer for Relief" section of the Amended Complaint, including that Plaintiffs are entitled to any damages from Defendant.

3.    Defendant denies the allegations contained in Paragraph 3 under "Prayer for Relief" section of the Amended Complaint, including that Plaintiffs are entitled to an accounting, disgorgement or damages from Defendant.

4.    Defendant denies the allegations contained in Paragraph 4 under "Prayer for Relief" section of the Amended Complaint, including that Plaintiffs are entitled to actual or statutory damages from Defendant.

5.      Defendant denies the allegations contained in Paragraph 5 under "Prayer for Relief" section of the Amended Complaint, including that Plaintiffs are entitled to injunctive relief with respect to the Defendant.

6.      Defendant denies the allegations contained in Paragraph 6 under "Prayer for Relief" section of the Amended Complaint, including that Plaintiffs are entitled to injunctive relief with respect to the Defendant.

7.      Defendant denies the allegations contained in Paragraph 7 under "Prayer for Relief" section of the Amended Complaint, including that Plaintiffs are entitled to damages from Defendant.

8.      Defendant denies the allegations contained in Paragraph 8 under "Prayer for Relief" section of the Amended Complaint, including that Plaintiffs are entitled to possession or destruction of Defendant's lawful property.

9.      Defendant denies the allegations contained in Paragraph 9 under "Prayer for Relief" section of the Amended Complaint, including that Plaintiffs are entitled to an award of interest from the Defendant.

10.     Defendant denies the allegations contained in Paragraph 10 under "Prayer for Relief" section of the Amended Complaint, including that Plaintiffs are entitled to an award of attorney's fees, expenses, and costs of suit from the Defendant.

11.     Defendant denies the allegations contained in Paragraph 11 under "Prayer for Relief" section of the Amended Complaint, including that Plaintiffs are entitled to any relief from the Court.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the items listed in Exhibit A of the Amended Complaint, including the validity of the copyright registrations attendant thereto and whether any of the items listed in Exhibit A were sourced from Defendant, except denies that Defendant infringed any copyrights in those items.

13.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Exhibit B of the Amended Complaint, including the validity of the alleged trademark registrations, except denies that Defendant infringed any trademarks alleged therein.

14.       Defendant denies all other allegations contained in the Amended Complaint not expressly addressed herein, including those alleged in the headings, sub-headings, Exhibit A, Exhibit B, and the "Prayer for Relief" clause.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims fails to state a claim upon which relief can be granted, including, but not limited to, by reason of Plaintiffs' failure to plead the specific infringing conduct of which Defendant is being accused, allege specific works allegedly being infringed, and identify the third parties who supposedly made unauthorized copies of Plaintiffs' works.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the first sale doctrine and/or exhaustion rule.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are limited because the alleged infringement, if any,

was innocent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, including, but not limited to, Plaintiffs' refusal to cooperate with Defendant in further safeguarding and policing their own intellectual property rights.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, acquiescence and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by failure to adequately police their intellectual property rights.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have not properly or timely registered the copyrights and/or trademarks asserted in this suit.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs' copyrights or trademarks are invalid and/or unenforceable.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part for failure to include all necessary and indispensable parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part for failure to allege the requisite knowledge or intent on part of the Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' trademark-based claims are barred in whole or in part for failure to allege that Defendant used Plaintiffs' registered trademarks on a colorable imitation of the goods or services as those subject to valid registrations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert some or all claims to the extent that Plaintiffs are not owners or exclusive licensees of the asserted trademarks and/or copyrights.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by an express or implied license or permission granted by Plaintiffs to Defendant, including, but not limited to, by reason of Plaintiffs' knowledge of and acquiescence to Defendant's sales activities and inventory control measures since March 2017.

### NINETEENTH AFFIRMATIVE DEFENSE

17

Plaintiffs' claims are barred in whole or in part by reason of copyright misuse to restrain trade and maintain a monopoly beyond the first sale of their works, which is not granted by the U.S. Copyright laws and is contrary to public policy.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the Lanham Act are barred in whole or in part because they are preempted by the Copyright Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' copyright-based claims are barred in whole or in part because there is no right to attribution under the Copyright Act, as relates to the Plaintiffs' alleged works.

## RESERVATION OF RIGHTS

Defendant reserves the right to supplement or amend this Answer to Amended Complaint, including through the addition of further affirmative defenses, based upon the course of discovery and other proceedings in this litigation. Further, in setting forth the foregoing affirmative and other defenses, the Defendant does not concede that it bears the burden of proof or persuasion on any of these defenses.

WHEREFORE, the Defendant prays for judgment as follows:

a.  That the Plaintiffs take nothing against the Defendant by way of their Amended Complaint;

b.  That the Amended Complaint, and each and every purported claim for relief therein be dismissed with prejudice;

c.  Awarding Defendant damages under 17 U.S.C. § 512 incurred in connection with Plaintiffs' material misrepresentations that Defendant's activity is infringing;

d.  Awarding Defendant attorney's fees, costs and expenses incurred in defending against this suit; and

    e.   Awarding Defendant such other and further relief as the Court deems just and proper.

Dated: June 20, 2018

                              Respectfully submitted,

                              /s/Brooke J. Egan
                              Brooke J. Egan
                              Kevin T. Duncan
                              DUNCAN GALLOWAY EGAN
                              GREENWALD PLLC
                              9750 Ormsby Station Road, Ste 210
                              Louisville, Kentucky 40223
                              Tel.: 502-614-6970
                              Fax: 502-614-6980

                              Of Counsel:

                              Sam P. Israel, *pro hac vice*
                              Eleonora Zlotnikova, *pro hac vice*
                              SAM P. ISRAEL, P.C.
                              180 Maiden Lane, 6th Floor
                              New York, NY 10038
                              T: (646) 787-9880 | F: (646) 787-9886
                              E: samisrael@spi-pc.com
                              E: elzlotnikova@spi-pc.com

                              Attorneys for Defendant
                              RENTU.COM, LLC

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a copy of the foregoing was served via first class United States mail, postage prepaid, upon the following on this the 20th day of June, 2018.

*E. Kenly Ames*  
*English Lucas Priest & Owsley, LLP*  
*1101 College Street*  
*Bowling Green, KY 42101*

*Scott Zebrak*  
*Katheryn J. Enters*  
*Jia Ryu*  
*Oppenheim and Zebrak, LLP*  
*5225 Wisconsin Avenue, NW, Suite 503*  
*Washington, DC 20015*

 s/Brooke J. Egan   
Brooke J. Egan  
DUNCAN GALLOWAY EGAN  
GREENWALD PLLC  
9750 Ormsby Station Road, Ste 210  
Louisville, Kentucky 40223  
Tel.: 502-614-6970  
Fax: 502-614-6980

Attorney for Defendant  
RENTU.COM, LLC