## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION (COVINGTON)

| | |
|---|---|
| PEARSON EDUCATION, INC.; ELSEVIER INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; BEDFORD, FREEMAN AND WORTH PUBLISHING GROUP, LLC; and CENGAGE LEARNING, INC., <br><br> Plaintiffs, <br> v. <br><br> RENTU.COM, LLC, <br><br> Defendant. | **Civil Action No. 2:18-CV-0040 (DLB) (CJS)** <br><br><br><br> **STIPULATED TEMPORARY PROTECTIVE ORDER** |

Until further Order of the Court, this Temporary Protective Order (the "Temporary Protective Order" or "Temporary Order") shall govern the use and disclosure of all Confidential or Highly Confidential information produced by or on behalf of the parties in this matter (the "Parties"), any third party, or furnished by any person associated with the Parties in any court appearance, deposition, interrogatory, request for admission, document production or any other discovery proceeding or exchange of information in this action, but does not relate to the use of Confidential or Highly Confidential information at trial. The Court may amend or replace this Temporary Order with a subsequent Protective Order upon resolution of the matters discussed in an informal teleconference with the Court on November 2, 2018 regarding provisions governing disclosure of Highly Confidential information to Experts or Consultants, or as the Court may otherwise determine is warranted.

1.      **Findings**: The Court finds that the Parties to this case may request or produce information involving trade secrets or confidential research and development or commercial

1

information, the disclosure of which is likely to cause harm to the person producing such information.

2. **<u>Definitions</u>**:

    a.    "This Litigation" refers solely to the above-captioned proceeding among Parties, and no other cases or proceedings involving either Party.

    b.    A "**Party**" means either the Plaintiffs or the Defendant in this case, and their officers and directors involved in or assisting in This Litigation. Used in the plural, i.e. "Parties", means the Plaintiffs and the Defendant, collectively.

    c.    "**Person**" means an individual or entity, whether a Party or non-Party to this case.

    d.    "**Producer**" means a Person who produces information via the discovery process in this case, whether a Party or non-Party to this litigation.

    e.    "**Recipient**" means a Person who receives information via the discovery process in this case.

    f.    "**Confidential**" information means any financial data; marketing strategy and techniques; operating financial information; private financial information; confidential research, development, or commercial information; and information of a sensitive or proprietary nature. Confidential information may be oral (if timely designated as such, as provided in this Temporary Order), a tangible thing, a document (as defined under the Federal Rules of Civil Procedure), information contained in a document, information orally communicated, information revealed during

2

a deposition, or information revealed in an interrogatory answer or other discovery.

g.  "**Highly Confidential**" information is information within the scope of Federal Rule of Civil Procedure 26(c)(1)(G) that constitutes current or future business or technical trade secrets and plans that are more sensitive or strategic than Confidential information, including trade secrets, customer information, supplier information, vendor information, the disclosure of which is likely to significantly harm a Party's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to the Court; and information which (1) is of a sensitive or proprietary nature, (2) is not in the public domain, and (3) if disclosed would unreasonably subject the Party or its customers to risk of material competitive disadvantage or other material business injury.

h.  Information is *not* Confidential or Highly Confidential if (i) it is disclosed in a printed or digital publication available to the public, either for free or for purchase; (ii) it is known to the public; (iii) it was known to the Recipient without obligation of confidentiality before disclosed by the Producer; (iv) it is or becomes known to the Recipient by means not constituting a breach of this Temporary Order; or (v) a Person lawfully obtained it independently of this litigation.

i.  An "**Expert**" or a "**Consultant**" is a Person who is retained or employed as a bona fide Expert or Consultant for purposes of providing advice or

3

testimony in connection with This Litigation, whether full- or part-time, by

or at the discretion of counsel of record for a Party.

3.   **Designation of Information as Confidential or Highly Confidential**

a.   **Good faith requirement**: A Party's designation of information as
Confidential or Highly Confidential means that the Party believes in good
faith, upon reasonable inquiry, that the information qualifies as such.

b.   **Documents and things**: A Party designates information in a document or
thing as Confidential or Highly Confidential by clearly and prominently
marking it on its face as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL." A Producer may make documents or things containing
Confidential or Highly Confidential information available for inspection
and copying, without marking them as confidential, without forfeiting a
claim of confidentiality, so long as the Producer causes copies of the
documents or things to be marked as Confidential or Highly Confidential
before providing them to the Recipient.

c.   **Deposition testimony**: A Party designates information in deposition
testimony as Confidential or Highly Confidential by stating on the record at
the deposition that the information is Confidential or Highly Confidential
or by advising the opposing Party and the stenographer and videographer in
writing, within fourteen days after receipt of the deposition transcript, that
the information is Confidential or Highly Confidential.

d.  **Failure to designate**: A Party's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.  A failure to designate a document, thing, or testimony as Confidential or Highly Confidential, that a Producer claims is inadvertent, shall be treated in the same fashion as a privileged or work product document under Federal Rule of Evidence 502.

e.  **Withdrawal of designation**: A Party who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all Parties.

f.  **Disputes**: If a Party disputes a designation of information as Confidential or Highly Confidential:

   i.   The Party shall notify the Producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials.

   ii.  The Party and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court.

   iii. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute, unless within that fourteen-day period the Producer submits to the Party a proposed joint letter to raise the discovery dispute with the Court.

iv.      If such a discovery dispute is raised with the Court, the Producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential.

v.      The information shall remain subject to the Producer's Confidential or Highly Confidential designation unless the Court rules otherwise.

vi.      A Party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4.     **<u>Use and Disclosure of Confidential or Highly Confidential Information</u>**

a.     Confidential or Highly Confidential information may be used exclusively for purposes of This Litigation, subject to the restrictions of this Temporary Order.

b.     **<u>Confidential Information</u>.** Absent written permission from the Producer or further Order by the Court, the Recipient may not disclose **Confidential** information to any Person except:

i.      A Party's outside counsel of record, including necessary paralegal, secretarial, and clerical personnel assisting such counsel;

ii.     A Party's in-house counsel and their support personnel who have responsibility for anti-piracy matters, whose access to the information is reasonably required to supervise, manage, or participate in This Litigation, and who have signed the Undertaking;

iii.    A stenographer and videographer recording testimony concerning the information;

iv.    The Court and personnel assisting the Court;

v.    Experts and Consultants and their staff employed by a Party for purposes of This Litigation who have signed the Undertaking;

vi.    Other Persons who may be specifically designated by written consent of all attorneys of record or pursuant to Court Order and who have signed the Undertaking; and

vii.    The Parties' officers or directors involved in or assisting in this Litigation, who have signed the Undertaking.

c.    **Highly Confidential Information.** Absent written permission from the Producer or Order of the Court, the Recipient may not disclose **Highly Confidential** information to any Person other than those identified in paragraphs 4(b)(i), (iii), and (iv).

d.    A Party who wishes to disclose Confidential or Highly Confidential information to a Person not authorized under paragraph 4(b) or (c) must first make a reasonable attempt to obtain the Producer's permission. If the Party is unable to obtain permission, it may seek intervention by the Court to obtain permission.

e.    Nothing in this Temporary Order prevents any party from using or disclosing its own documents or information in any way, regardless of whether they are designated as Confidential or Highly Confidential.

7

5.     **Inadvertent Disclosure**: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.  Inadvertent disclosure by a Producer of a document, thing, or testimony that a Producer claims is Confidential or Highly Confidential shall be treated in the same fashion as a privileged or work product document under Rule 502.

6.     **Filing with the Court**:

a.     This Temporary Order does not, by itself, authorize the filing of any document under seal.  A Party wishing to file under seal a document containing Confidential or Highly Confidential information must comply with Rule 5.7 of the Local Rules of this Court.

b.     If a Party wishes to file in the public record a document that another Producer has designated as Confidential or Highly Confidential, the Party must advise the Producer of a document no later than two business days before the document is due to be filed.

7.     **Document Disposal**: Upon the conclusion of this case, each Party must either return to the Producer, upon Producer's request and at least twenty (20) days' notice, or, absent such request, destroy all documents and copies of documents containing the Producer's Confidential or Highly Confidential information, as well as all notes, memoranda, or other materials derived from or in any way revealing Confidential or Highly Confidential information.  If requested by the Producer, the Party returning and/or destroying the Producer's Confidential or Highly Confidential information must certify in writing, within 90 days of the conclusion of the case,

its compliance with the requirements of this paragraph.   Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this Temporary Order, together with the following documents that may contain or reference designated Confidential or Highly Confidential information: transcripts and exhibits and depositions, court hearing transcripts and/or trial transcripts, pleadings, or exhibits filed with the Court, expert reports, declarations, affidavits, memoranda, and/or correspondence.

8.      **<u>Originals</u>**: Except for any textbooks at issue in this case and exemplars, a legible photocopy of a document may be used as the "original" for all purposes in this action.  The actual "original," in whatever form the Producer has it, must be made available to any other Party within ten days after a written request.

9.      **<u>Survival of obligations</u>**: The Parties' obligations regarding Confidential or Highly Confidential information survive the conclusion of this case.

AGREED:

By: _s/ E. Kenly Ames_____     By: _s/ Brooke J. Egan_____
E. Kenly Ames                                Brooke J. Egan
ENGLISH LUCAS PRIEST & OWSLEY, LLP           Kevin T. Duncan
1101 College Street                          DUNCAN GALLOWAY EGAN
Bowling Green, KY 42101                       GREENWALD PLLC
270-781-6500                                 9750 Ormsby Station Road, Ste 210
kames@elpolaw.com                            Louisville, Kentucky 40223
                                             502-614-6970
- and -                                      began@dgeglaw.com

Matthew J. Oppenheim, *pro hac vice*         - and -
Jia Ryu, *pro hac vice*
OPPENHEIM AND ZEBRAK, LLP                     Sam P. Israel, *pro hac vice*
5225 Wisconsin Avenue, NW, Suite 503         Eleonora Zlotnikova, *pro hac vice*
Washington, DC 20015                         SAM P. ISRAEL, P.C.
202-480-2999                                 180 Maiden Lane, 6th Floor
matt@oandzlaw.com                            New York, NY 10038
                                             646-787-9880
*Attorneys for Plaintiffs*                   samisrael@spi-pc.com

                                             *Attorneys for Defendant*

10

**<u>Appendix A to Stipulated Temporary Protective Order</u>**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (COVINGTON)**

| | |
|---|---|
| PEARSON EDUCATION, INC.; ELSEVIER INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; BEDFORD, FREEMAN AND WORTH PUBLISHING GROUP, LLC; and CENGAGE LEARNING, INC., | **Civil Action No. 2:18-CV-0040 (DLB) (CJS)** |
| Plaintiffs, | |
| v. | **UNDERTAKING OF _____** |
| RENTU.COM, LLC, | |
| Defendant. | |

I, _____ [name], state the following under penalty of perjury as provided by law:

I am _____ [position] for _____ [employer]. I will be receiving Confidential information that is covered by the Stipulated Temporary Protective Order (the "Temporary Order") governing this case. I have read the Temporary Order and understand that the Confidential information is provided pursuant to the terms and conditions in that Temporary Order.

I agree to be bound by the Temporary Order. I agree to use the Confidential information solely for purposes of this case. I understand that neither the Confidential information nor any notes concerning that information may be disclosed to anyone who is not bound by the Temporary Order. I agree to return the Confidential information and any notes concerning that

11

information to the attorney for the producer of Confidential information or to destroy the information and any notes at the attorney's request.

I submit to the jurisdiction of the Court that issued the Temporary Order for purposes of enforcing that Order.  I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
Name:

Title:

Date: